UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION,<br><br>Movant,<br><br>v.<br><br>PETER CRANE,<br><br>Respondent. | Case No. 16-mc-80189-JSC<br><br>**ORDER RE: COSTCO WHOLESALE CORPORATION'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 1 |

Movant Costco Wholesale Corporation ("Costco") moves to compel additional deposition testimony from Respondent Peter Crane ("Crane"). (Dkt. No. 1.[1]) Costco's motion arises from a putative class action pending in the Southern District of California brought against it and a co-defendant, NBTY, Inc., by Plaintiff Tatiana Korolshteyn ("Plaintiff") relating to her purchase of a Costco dietary supplement called "TruNature Ginkgo Biloba." *See Korolshteyn v. Costco Wholesale Corporation*, No. 3:15-cv-00709-CAB-RBB (S.D. Cal.). Costco requests that the Court (1) transfer the motion to compel to the Southern District of California, the court where the underlying litigation is pending, for decision, or, in the alternative, (2) compel Crane to sit for a second deposition due to his alleged refusal to answer relevant questions. After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and TRANSFERS the motion to compel to the Southern District of California pursuant to Federal Rule of Civil Procedure 45(f).

**BACKGROUND**

Plaintiff filed suit against Costco and NBTY, Inc. for violations of California's Unfair

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and Consumers Legal Remedies Act,
2  Cal. Civ. Code § 1750 *et seq.*, alleging that they misrepresented certain health benefits of
3  TruNature Ginkgo Biloba with Vinpocetine when they marketed the product.  *See Korolshteyn*,
4  No. 3:15-cv-00709-CAB-RBB, Dkt. No. 50 (Second Amended Complaint).  The case is pending
5  before Judge Brooks in the Southern District of California.

6  At her recent deposition, Plaintiff testified that, prior to bringing suit, she saw a Facebook
7  post by her friend Peter Crane, who is an attorney, asking people to contact him if they had
8  purchased Costco's TruNature Gingko Biloba product.  (Dkt. No. 2-2 at 7-8.)  Plaintiff responded
9  to Crane via private message on Facebook that she had purchased the product.  (*Id.* at 9.)  Though
10 Plaintiff was unclear on details regarding the exact mode of communication, Crane ultimately
11 referred Plaintiff to Patricia Syverson, Plaintiff's counsel in this case.  (*Id.* at 11-12.)  Following
12 up on Plaintiff's testimony, Costco asked Plaintiff to produce her communications with Crane as
13 responsive to certain of Costco's document requests.  (Dkt. No. 2-3.)  Plaintiff did not produce any
14 such communications; instead, she provided a privilege log that listed seven Facebook messages
15 between herself and Crane as attorney-client privileged communications.  (Dkt. No. 2-5.)

16 Costco subsequently filed a motion to compel requesting that Judge Brooks conduct an *in
17 camera* review of Plaintiff's withheld Facebook messages to determine if they are indeed
18 privileged communications.  *See Korolshteyn*, No. 3:15-cv-00709-CAB-RBB, Dkt. No. 76.  A few
19 days later, Plaintiff filed a motion to quash Costco's subpoena to Crane on grounds that the
20 subpoena sought information protected by the attorney-client privilege and was unduly
21 burdensome and duplicative.  *See id.*, Dkt. No. 77.  On June 10, 2016, Judge Brooks held a
22 telephonic discovery hearing and denied Plaintiff's motion to quash; he further ruled that "[t]he
23 deposition of Mr. Crane should go forward but will be limited to 3.5 hours.  Counsel should be
24 allowed to ask questions such as those going to the context of Mr. Crane's communications with
25 the Plaintiff, waiver of privilege, and related topics."  *Id.*, Dkt. No. 81.  Judge Brooks then denied
26 Costco's motion to compel without prejudice because Crane's deposition could potentially provide
27 relevant and helpful information.  *See id.*, Dkt. No. 90 at 2.
28 Costco thereafter took Crane's deposition on July 28, 2016.  According to Costco, Crane

1  improperly refused to answer lines of questioning based on relevance grounds and the attorney-
2  client privilege.  Since that time, Costco has renewed its motion with Judge Brooks to compel
3  Plaintiff to produce the withheld Facebook messages.  *See id.*, Dkt. No. 91.  Now pending before
4  the Court is Costco's motion to compel further deposition testimony from Crane.  (Dkt. No. 1.)

## DISCUSSION

Rule 45 requires that subpoenas be issued from the court where the action is pending.  *See* Fed. R. Civ. P. 45(a)(2).  "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  The Advisory Committee notes provide the following guidance as to when exceptional circumstances may be found:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present.  The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.  In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.  Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note.

### I.    Exceptional Circumstances

The Court finds that exceptional circumstances exist because the issues raised by Costco's motion to compel either have been ruled on by or are currently pending before Judge Brooks in the Southern District of California.  *See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."); *see also Cellular Commc'ns Equip., LLC v. HTC Corp.*, No. 15CV2373-JAH-MDD, 2015 WL 12570944, at *2 (S.D. Cal. Dec. 16, 2015) ("[C]onsidering that there have been extensive case management conferences in which the very discovery sought

here has been discussed, transfer of this motion to the issuing court may serve to avoid inconsistency in positions and ruling.") (citation omitted). Under such circumstances, judicial economy, i.e., having Judge Brooks address common issues once, and the risk of inconsistent rulings weigh heavily in favor of transfer of Costco's motion.

First, the parties dispute the scope of Judge Brooks' earlier order denying Plaintiff's motion to quash and permitting Costco to take a 3.5-hour deposition of Crane. (*See, e.g.*, Dkt. No. 1 at 12 ("Judge Brooks' Order of June 10, 2016 placed no such limitations on Costco."); Dkt. No. 6 at 9 ("And, the questions were well beyond the limitations of Judge Brooks' Order making them irrelevant to this case.").) There can be no dispute that Judge Brooks, having issued the prior order, is in the best position to interpret the full scope and meaning of that order. *See Argento v. Sylvania Lighting Servs. Corp.*, No. 2:15-CV-01277-JAD-NJ, 2015 WL 4918065, at *5 (D. Nev. Aug. 18, 2015) ("While this Court is no doubt capable of construing and applying an order issued in another District, it makes no sense to do so. How the undersigned and how Judge Holland view the discovery dispute may well differ. The issuing court has already addressed this issue and is in the best position to ensure that the resolution of the pending motion to compel comports with the prior ruling on the motion to quash.").

Second, the parties disagree as to whether Crane's communications with Plaintiff are protected by the attorney-client privilege. But this exact issue is also before Judge Brooks as part of Costco's pending motion to compel Plaintiff to produce withheld documents and provide further testimony. *See Korolshteyn*, No. 3:15-cv-00709-CAB-RBB, Dkt. No. 91-1, at 4 ("Costco renews its motion and respectfully requests the Court review the Facebook messages [between Plaintiff and Crane] *in camera* to determine whether they are protected by the attorney-client privilege. If they are not, they should be produced."). Thus, even if Crane is correct that "the issues here are simple" for the Court to decide (Dkt. No. 6 at 2), it is possible that there would be inconsistent rulings if both the Court and Judge Brooks ruled separately on the attorney-client privilege issue. *See AmTrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, No. MC 16-1-BLG-CSO, 2016 WL 1446136, at *5 (D. Mont. Apr. 12, 2016) ("[T]he risk of issuing an inconsistent ruling is high, and weighs strongly in favor of transferring the actions to the issuing court."). Because

4

Judge Brooks is in a position to rule in the context of the underlying litigation, it makes sense for him—and not the Court—to decide the issue. *See Google, Inc. v. Digital Citizens All.*, No. MC 15-00707 JEB/DAR, 2015 WL 4930979, at *3 (D.D.C. July 31, 2015) ("[T]he withholding of certain documents by Respondents pending determinations of privilege by the issuing court underscores that it is better situated to determine what 'implications the resolution of the motion[s] will have on the underlying litigation.'") (citation omitted).

For these reasons, there exist exceptional circumstances warranting the transfer of Costco's motion.

## II.     Burden on Respondent

The Court must also consider the burden on Crane if the motion is transferred. Crane argues that he did not consent to the filing of the instant motion in the Southern District "because having to appear in San Diego would place a burden on him." (Dkt. No. 6 at 2.) However, he does not identify any specific burden and instead only notes that "[h]e does not frequently spend time in San Diego and has no current plans to travel there." (*Id.*) Such arguments are unpersuasive, as "[a]lmost any subpoenaed party could make the same undue burden arguments that [he] makes here." *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-MC-71-D-BN, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014).

Moreover, to the extent Crane has to appear at all on Costco's motion, *see* S.D. Cal. Civ. R. 7.1(d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument."), it is not a certainty that he would have to appear *in person* before Judge Brooks to address the merits of Costco's motion to compel. *See* S.D. Cal. Civ. R. 7.1(d)(2) (allowing oral argument by telephonic conference); *see also Moon Mountain Farms*, 301 F.R.D. at 430 (noting that "the Advisory Committee encourages judges to 'permit telecommunications' to minimize travel costs after a Rule 45(f) transfer") (citation omitted). In fact, Judge Brooks held a telephonic discovery conference before ruling on Plaintiff's motion to quash Costco's subpoena to Crane. *See Korolshteyn*, No. 3:15-cv-00709-CAB-RBB, Dkt. No. 81. Further, in the event Judge Brooks orders another deposition of Crane, Costco already took Crane's first deposition in San Francisco—near his place of residence—thus minimizing the burden on Crane to travel.

5

The Court therefore concludes that the burden on Crane, if any, would be minimal if Costco's motion to compel is transferred.

## CONCLUSION

For the reasons stated above, the Court finds that any costs to Crane imposed by a transfer to the Southern District of California are outweighed by the importance of consistent management of the underlying litigation and judicial economy. *See* Fed. R. Civ. P. 45(f). Accordingly, the Court TRANSFERS Costco's motion to compel to the Southern District of California.

**IT IS SO ORDERED.**

Dated: September 27, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge